# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CARLOS MAYBERRY,

    Plaintiff,

    v.

ANNIE MAYBERRY, *et al*.,

    Defendants.

Civil Action No.:  JRR-22-2988

## MEMORANDUM AND ORDER

Plaintiff Carlos Mayberry, who is incarcerated at North Branch Correctional Institution ("NBCI") filed this civil rights complaint pursuant to 42 U.S.C. § 1983, along with a Motion for Leave to Proceed in Forma Pauperis.  ECF Nos. 1, 2.

The Court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . .  It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally."  *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

### I.    Plaintiff's Claims

Plaintiff makes two seemingly unrelated claims in his Complaint. The first claim alleges that on November 7, 2022, he was "assaulted by a white inmate utility worker known as 'Mr. Jack'" while Mr. Jack was serving meals to other inmates.  ECF No. 1-2 at 10, 11.  He states that Mr. Jack "attacked me through my door slot by hitting me in the face with a milk."  *Id.* at 11. He

avers that Defendant correctional officer Abe opened the door slot, and Defendant correctional officer John Doe closed the door slot.  *Id*. He states that "after the incident neither one of the officers did anything about the assault." *Id.*  Plaintiff alleges that both officers have prevented him from filing complaints about this issue, and Defendant correctional officer Schrock rejected his complaint because Plaintiff "was the one who started the conflict."  *Id*. at 13.

> Plaintiff's second claim states:

> I am an inventor, and I do not want prison staff to have knowledge of my Jacob's ladder trade secrets by unlawfully confiscating the materials stored away in my cell that I need to make and use my invention, or the 'pinprints' describing how to make and use the invention.

ECF No. 1 at 13.  He further states that his "Jacob's ladder invention is a mathematical algorithm that deals with transforming athletes into cyborgs." *Id.*  He states that "because of his trade secrets" he has "beyond the allowable amount of property in his cell," which may lead to confiscation of property and disclosure of his secrets.  *Id.* at 14, 15.  He explains that he does not want to be transferred from NBCI because he is currently housed in a single cell, and transfer to a different facility may mean he would have to share a cell, thus potentially compromising his "trade secrets." *Id.*  Further, it would result in separation from his property while he moved.  *Id.* at 15, 16.

Plaintiff names eight individual defendants in this action: his "biological mother," Annie Mayberry; R. Hammons, "librarian;" Valeisha Butterfield-Jones, who "is employed at the recording academy;" NBCI correctional officer "Abe;" NBCI correctional officer "John Doe;" NBCI correctional officer "Schrock;" Secretary of the Department of Public Safety and Correctional Services ("DPSCS") Robert L. Green; and DPSCS Commissioner of Corrections Annie Harvey.  ECF No. 1-2 at 1, 2, 8, 9, 10.

## II.    Failure to State a Claim

A claim that is totally implausible or frivolous, such as Plaintiff's allegations regarding his "Jacob's ladder trade secrets," may be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Fed R. Civ. P 12 (b)(1).  *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on the judge's own initiative).  Clearly the allegations regarding Plaintiff's "Jacob's ladder trade secrets" are the product of fantasy or delusional thinking that cannot be addressed by this Court.  Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf.  Accordingly, these claims must be dismissed.

Additionally, Plaintiff has not stated a claim against Defendants Annie Mayberry, R. Hammons, Valeisha Butterfield-Jones, Robert L. Green, or Annie Harvey.  As detailed above, these defendants are not mentioned anywhere in the factual allegations of the complaint.  Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation.

Further, it is well established that the doctrine of respondeat superior does not apply in § 1983 claims.  *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983).  Liability of supervisory officials, such as Defendants Robert L. Green and Annie Harvey, "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'"  *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).  Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in

3

conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Plaintiff has not provided allegations that Defendants Annie Mayberry, R. Hammons, Valeisha Butterfield-Jones, Robert L. Green, or Annie Harvey were personally involved in any of his claims, nor has he alleged facts indicating supervisory liability. In fact, Plaintiff has provided no facts or allegations whatsoever with respect to these Defendants. Accordingly, Plaintiff's claims against these Defendants will be dismissed without prejudice.

## III.    Leave to Amend

Remaining are Plaintiff's claims against Defendant correctional officers Abe, John Doe, and Schrock. However, Plaintiff's Complaint is deficient with respect to these Defendants. Plaintiff has failed to state how he was injured by this incident, nor does he explain how the actions or inactions of each named Defendant caused or contributed to his injury. Similarly, he does not explain the actions or inactions of each defendant that prevented him from pursuing complaints regarding the alleged assault.

As complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, a plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). Plaintiff is provided an opportunity to file an amended complaint within 28 days of the date of this Order which includes the necessary allegations regarding his claims as directed above. In

amending his Complaint, Plaintiff should be mindful to limit his amendment to the issues surrounding the November 7, 2022, assault and the actions or inactions of the Defendants that caused or contributed to his injuries.

To comply with the Federal Rules of Civil Procedure, the complaint must contain at a minimum a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and also the names of each defendant, *see* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As a reminder: an amended complaint replaces the original complaint filed. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Therefore, the amended complaint required by this Order must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action which defendants must answer. Additionally, an amended complaint must meet the requirements of this Order, or the amended complaint may be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff is further forewarned that his right to

file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated. *See* 28 U.S.C. § 1915(g).

Accordingly, it is this 29th day of November, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. All claims against Defendants Annie Mayberry, R. Hammons, Valeisha Butterfield-Jones, Robert L. Green, and Annie Harvey ARE DISMISSED without prejudice, and these Defendants are dismissed from this action;

2. Plaintiff is granted leave to file an amended complaint as directed above within 28 days of the date of this Order;

3. The Clerk SHALL send to Plaintiff a copy of this Order, a copy of the original complaint and a blank civil rights complaint form with included instructions; and

4. Plaintiff is FOREWARNED that:

   a. The amended complaint must meet the directions of this Order, or the amended complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); and

   b. If the amended complaint is not timely filed, this case will be dismissed for failure to comply with this order without further notice.

 /S/
Julie R. Rubin
United States District Judge